IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
                 Plaintiff,      )
                                 )
     v.                          )    No.  08 C 3817
                                 )    (01 CR 1115)
ALFREDO LONGORIA,                )
                                 )
                 Defendant.      )

                        MEMORANDUM ORDER

   Alfredo Longoria ("Longoria") has just filed what he characterizes as "his timely response pursuant to Rule 5(d)(as amended 2004) of the Rules Governing §2255."  Because that filing has been submitted after the issuance of this Court's brief September 2 memorandum order that (1) endorsed the government's response to Longoria's self-prepared Section 2255 motion and accordingly (2) dismissed this action, this Court will treat Longoria's submission as a timely motion under Fed. R. Civ. P. ("Rule") 59(e).

   In the government's original response it referred to what it called the "vague, conclusory and sometimes incomprehensible fashion" in which Longoria had presented his Section 2255 arguments.  Despite Longoria's current filing having bristled at that characterization, his current offering continues to present a mishmash of arguments that can fairly be labeled in the same way, although he does again specify certain Title III wiretap recordings that he urges--though unpersuasively--demonstrate that

his constitutional rights were infringed by the lengthy sentence that was imposed on him and that he is now serving.

This Court of course has the advantage of having presided over Longoria's sentencing and of thus having observed and evaluated the testimony and the defense lawyering involved. It found the testimony of Miguel Perez ("Perez," the person whom Longoria shot twice, the second time--as the government's earlier response stated--"when Perez was lying on the ground paralyzed and writhing in pain") to be entirely credible. And a fortiori, any contention by Longoria that the government solicited perjured testimony from Perez is wholly without merit. Lastly, nothing that Longoria has tendered supports the notion that his able defense counsel, whom this Court observed in action, failed to meet the standards that have been set by <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694 (1984) and its almost innumerable progeny.

Hence Longoria's current take on the matter fails to surmount the hurdle erected by the government's earlier response--and by the facts. Longoria's most recent submission, treated as a Rule 59(e) motion to alter or amend the judgment of dismissal, is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 10, 2008