IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
              Plaintiff,         )
                                 )
     v.                          )    No.  08 C 3817
                                 )        (01 CR 1115)
ALFREDO LONGORIA,                )
                                 )
              Defendant.         )

            STATEMENT AS TO CERTIFICATE OF APPEALABILITY

Alfredo Longoria ("Longoria") has just filed a notice of appeal ("Notice") from this Court's adverse ruling on his 28 U.S.C. §2255[1] motion that challenged the long sentence that he is now serving. That Notice calls for this Court either to issue a certificate of appealability under Section 2253(c) or to state why such a certificate should not issue (Fed. R. App. P. 22(b)(1)). In this instance this Court denies the issuance of a certificate of appealability, and in that respect the checkered history of Longoria's criminal case calls for a longer-than-usual explanation.

Longoria's conviction following a jury trial was originally affirmed by our Court of Appeals in a June 20, 2005 unpublished order. But having done so, the Court of Appeals remanded the case pursuant to <u>United States v. Paladino</u>, 401 F.3d 471 (7th Cir. 2005) for a determination by this Court as to whether the

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

added discretion vested in it post-Booker would have affected Longoria's sentence. This Court promptly responded that a full-blown new sentencing hearing was needed to resolve that question, and the Court of Appeals responded by ordering a full remand.

That remand and the new sentencing hearing that followed did produce results for Longoria: This Court reduced his custodial sentence from the Guideline-dictated life sentence to a below-Guideline 50-year term. Longoria then appealed the new sentence unsuccessfully: On March 26, 2007 another unpublished order from our Court of Appeals[2] rejected all of his arguments in that regard, which in large part focused on the testimony of Miguel Perez ("Perez"), a coconspirator whom Longoria had shot twice, the second time in a particularly cruel and gratuitous manner (as one of the government's submissions has stated, "when Perez was lying on the ground paralyzed and writhing in pain"). Next Longoria's effort to seek certiorari from the Supreme Court was denied on October 1, 2007 (128 S.Ct. 212).

Nothing daunted, Longoria then filed a motion before this Court under Section 2255, again in large part (although not exclusively) concentrating his fire on Perez, whom he charged with having perjured himself during the resentencing hearing and

---

[2] Although the Court of Appeals' detailed order was unpublished in the F.3d series, it is available at 229 Fed. App. 408.

2

with having colluded with the prosecutors in doing so.[3] This Court, in its capacity as the trier of fact at the sentencing hearing, had found Perez totally credible and therefore rejected Longoria's Perez-related charges. Nor did thi sCourt see any basis in the other charges launched by Longoria as grounds that would require an evidentiary hearing. It therefore denied Longoria's Section 2255 motion and, consequently, dismissed Case No. 08 C 3817 (the civil action case number that had been assigned to the motion as a matter of administrative convenience).

Longoria viewed this Court's adverse ruling as a manifestation of bias, hence calling for this Court's disqualification under Section 455(b)(1). This Court promptly rejected that motion as groundless.

Now to Longoria's Notice, which seeks to advance a number of arguments, including the notion that a judge other than this Court should have been called upon to decide Longoria's motion for disqualification. Neither that nor any of the other matters that have been raised by Longoria's Notice constitutes "a

---

[3] It is worth noting that the Court of Appeals' March 2007 rejection of Longoria's appeal from his new sentence reveals that Longoria argued to that court that this Court had erred by allowing the government to present Perez' testimony at resentencing at all. This Court will not pause to address the question whether Longoria can thus splinter his objections to the Perez testimony by posing one type of objection on direct appeal and another type in a later-filed Section 2255 motion.

substantial showing of the denial of a constitutional right," as Section 2253(2) requires. Accordingly this Court rejects the issuance of a certificate of appealability, although Longoria is advised that he may renew his request for such a certificate before the Court of Appeals (see Section 2253(c)(1)).

                                                   /s/ Milton I. Shadur
                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date: October 20, 2008