```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08 C 3817 |
| | ) | |
| Alfredo Longoria, | ) | (01 CR 1115) |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Alfredo Longoria ("Longoria") has filed what he captions "Defendant's Clarification Regarding In Forma Pauperis Application and Submitted FBOP Trust Account Certification." Before this Court turns to the subject of Longoria's requested in forma pauperis status in connection with his pending pro se appeal, something should be said about the scurrilous -- and totally groundless -- attacks that he has chosen to lodge as part of his filing.

This Court does not of course expect pro se litigants to conform to -- or even approach -- the standards that are applicable when litigants are represented by counsel. It regularly cites to, and always applies, the more generous treatment dictated by Haines v. Kerner, 404 U.S. 519 (1992) (per curiam). But the leeway thus allowed to a self-represented party does not extend to ad hominem assaults that would not be tolerated from any lawyer (and that no respectable lawyer would launch). Longoria cannot take advantage of the fact that he is

acting on his own, as though that somehow gives him a license to level totally false and libelous charges against this Court.[1]

To turn to the substance of Longoria's filing, it should be said at the outset that although he represents that he had sent information regarding his prisoner trust fund account at USP Pollock (where he is now in custody) to this District Court's Clerk's Office that was docketed there on November 4, 2008, this Court did not receive from that office, as a stamped Judge's Copy, a photocopy of anything except Longoria's Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis (a form provided by our Court of Appeals -- the USP Pollock statement regarding Longoria's account was <u>not</u> included. Because this District Court's Clerk's Office does not make a photocopy of any litigant's submission to serve as the paper "Judge's Copy" that the rules require for delivery to judicial chambers, it seems most likely that the failure to provide enough copies of the institution's statement was on Longoria's part. But whether or not that is the case is not worth exploring, because the controlling factor is that this Court never saw that statement

---

[1] For example, at page 1 Longoria labels this Court as "malevolent," and at page 2 he refers to "the Court's personal vendetta and malevolent actions against pro se litigant," to "the court's malevolent hurdles and roadblocks" and to "obvious bias and prejudice adversarial to pro se litigant," after which he states "The Court of Honorable Milton I. Shadur has deliberately and maliciously misconstrued each of defendant's pro se pleadings." At page 3 he charges this Court with "prejudice and bias," "malice" and "unequivocal distortion of facts."

2

until Longoria supplied a photocopy with his <u>current</u> filing. Hence this Court cannot be faulted for anything that Longoria now seeks to place at its doorstep.

So much for the groundlessness of Longoria's attack -- an apology on his part is probably too much to expect. But Longoria should also be aware that this Court remains uncertain as to whether or not its denial of a certificate of appealability calls for the imposition on Longoria of $455 in appellate filing fees, to be paid in installments as provided in 28 U.S.C. § 1915 ("Section 1915").

This Court's November 5, 2008 memorandum order has requested a response from the Court of Appeals in that respect, a response that has not yet been forthcoming. Hence this Court will continue to await that response before it enters an appropriate order here, but in the meantime it draws from the USP Pollock printout the fact that Longoria's deposits during the relevant six-month period came to $945.07, or a monthly average of $157.51. Thus the required initial payment on account of the $455 in filing fees (if applicable) would come to $31.50 under Section 1915(b)(i)(A).[2]

---

[2] In that respect it may be noted that the USP Pollock statement does not conform to the statements that this Court has received over the years from all other custodial institutions, which list the actual individualized deposits and withdrawals over the six-month period made relevant by Section 1915. Instead all that the current statement provides are summaries of the present "Account Balance," the "National 6-Months Deposits," the

3

Finally, because Longoria has included a motion for this Court's recusal as part of his current filing, a ruling in that respect is also called for. Longoria's motion is denied -- this Court's disagreement with his self-evaluation in no way reflects any bias or prejudice that he has attributed to this Court.

_____
Milton I. Shadur
Senior United States District Judge

Dated:    November 24, 2008

---

the "National 6-Months Withdrawals" and the "National 6-Month Avg. Daily Balance."  This Court has therefore had to rely on the listed aggregate figure covering deposits to the account, rather than making its own calculation (as it has always done in the past).